UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BOB AARON MIKELL,  :
    Petitioner  :
      :
    v.  :  CIVIL NO. 1:13-CV-189
      :
WARDEN MONICA RECKTENWALD,  :  (Judge Caldwell)
*et al.*,  :
    Respondents  :

*M E M O R A N D U M*

I.   *Introduction*

On January 25, 2013, Bob Aaron Mikell, an inmate at FCI-Allenwood, in White Deer, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also filed an application to proceed *in forma pauperis.* Named as respondents are Monica Recktenwald, the Warden of FCI-Allenwood and Eric Holder, Attorney General of the United States. Mikell has also filed an amendment to his petition.

Mikell pled guilty in the United States District Court for the Southern District of Georgia to conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846(a)(1). On January 8, 2008, he was sentenced to 132 months' imprisonment. As part of his sentencing calculation, he was determined to be a career offender based on two drug-trafficking convictions: (1) a 1994 conviction for the sale of cocaine; and (2) a 1997 conviction for possession of cocaine with intent to distribute.

By way of his 2241 petition and the amendment thereto, Mikell asserts that under *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), he is actually innocent of the two predicate drug offenses that qualified him as a career

offender for sentencing purposes. He argues that if he had not been sentenced as a career offender, he would have already served any sentence that could have been lawfully imposed and he seeks immediate release from confinement. He asserts that under *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), we have jurisdiction to entertain his 2241 petition because *Carachuri-Rosendo* is an intervening change in the law that renders him innocent of the two prior convictions.

Upon consideration of Mikell's petition, amended petition, and supporting memorandums, the court finds that he has failed to show that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. For this reason, the court will summarily dismiss his 2241 petition for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.).[1]

II. *Background*

This background is based on the memorandum in support of the 2241 petition, the amended petition, supporting memorandums, and information on Mikell's federal conviction available by accessing Public Access to Court Electronic Documents (PACER) Case Locator located at http://www.pacer.gov.

On October 6, 2006, Mikell (along with 34 others) was indicted on one count of conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of

---

[1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.), the rules governing petitions under 28 U.S.C. § 2254 can be applied to section 2241 petitions. Rule 4 of the section 2254 rules permits summary dismissals.

-2-

cocaine base (crack) and 5 kilograms or more of cocaine hydrochloride (powder) in violation of 21 U.S.C. § 841 and § 846. *See United States v. Pinkston,* No. 06-CR-26 (S.D. Ga. Jan. 9, 2008). On September 13, 2007, pursuant to a plea agreement, Mikell pled guilty to a lesser included offense, conspiracy to possess with the intent to distribute a quantity of cocaine hydrochloride and a quantity of cocaine base in violation of 21 U.S.C. § 846. (*Id*., Doc. 702).

His presentence report (PSR) recommended that he be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 based on two prior state felony convictions: (1) a 1994 conviction for the sale of cocaine; and (2) a 1997 conviction for possession of cocaine with intent to distribute. (*Id*., Doc. 1420-1, ¶ 8). Mikell was sentenced on January 8, 2008, to a 132-month term of imprisonment, following downward departures for assumption of responsibility and substantial assistance to the government. (*Id*., ¶¶ 9-11).

Mikell filed a direct appeal of his sentence with the Eleventh Circuit, which affirmed. *See United States v. Mikell*, 284 F. App'x 707 (11th Cir. 2008) (nonprecedential). On September 8, 2009, Mikell filed a protective motion to vacate pursuant to 28 U.S.C. § 2255, stating that he was in the process of collaterally attacking in state court the prior state convictions used to enhance his federal sentence. The motion was dismissed, but without prejudice. *Mikell v. United States*, No. 09-CV-065, 2009 WL 3201769 (S.D. Ga. Oct. 6, 2009).

Mikell then filed another 2255 motion, asserting among other things, that his counsel was ineffective for failing to challenge the use of his prior state convictions for the purpose of classifying him as a career offender. (Doc. 3, Mem. in Supp., p. 3). After a

thorough review, that 2255 motion was denied on the merits. *Mikell v. U.S.*, Nos. 09-CV-065, 06-CR-026, 2011 WL 830095 (S.D. Ga. Jan. 26, 2011), *report and recommendation adopted in* 2011 WL 833550 (S.D. Ga. Mar. 03, 2011). The Eleventh Circuit denied Mikell's request for a certificate of appealability "because his guilty plea was knowing and voluntary, his counsel rendered effective assistance" and his other claims were procedurally barred. *Mikell v. United States*, No. 11-12102-A, slip op. at 2 (11th Cir. Sept. 12, 2011).

Mikell then filed a motion to reconsider the denial of his 2255 motion, arguing "that a previous state court drug conviction was improperly considered during sentencing." *Mikell v. U.S.,* No. 09-CV-65, 2011 WL 1337159, at *1 (S.D. Ga. Apr. 7, 2011). The sentencing court construed Mikell's motion as an impermissible second or successive 2255 motion and denied it, finding that Mikell had not received permission to file the successive motion. (*Id.*) On November 23, 2011, the Eleventh Circuit denied his request for a certificate of appealability. *Mikell v. United States,* No. 11-13346, slip op. (11th Cir. Nov. 23, 2011).

Mikell then filed another motion for relief pursuant to Fed. R. Civ. P. 60(b), arguing "that newly-discovered records from his 1997 state court conviction demonstrate that he went unrepresented during critical states of the proceedings." *Mikell v. United States*, No. 6:09-CV-65, 2012 WL 727561, *2 (S.D. Ga. Mar. 6, 2012). He also argued "that due to an alleged change and clarification in the law, his 1994 conviction for the sale of cocaine no longer qualifies as a controlled substance offense." (*Id.*) Finding it to be a successive 2255 motion, the sentencing court denied it. (*Id.*) The Eleventh Circuit denied

-4-

his request for a certificate of appealability. *See Mikell v. United States*, No. 12-11911-F, slip op. (11th Cir. Aug. 29, 2012).

Mikell then filed with the sentencing court a motion, styled as a "non-successive § 2255 motion," arguing that two recent Supreme Court cases, *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), were retroactively applicable to his case and invalidated his 1997 conviction for possession of cocaine with intent to distribute. *Mikell v. United States*, No. 6:09-CV-65, 2012 WL 5864007, at *1 (S.D. Ga. Nov. 19, 2012). The court again denied the motion as a second or successive 2255 motion filed without leave of the court of appeals. (*Id*.) Mikell's request for a certificate of appealability is currently pending in the Eleventh Circuit. *See Mikell v. U.S.*, No. 12-16523 (11th Cir.) (docket sheet).

In July 2012, Mikell applied to the Eleventh Circuit to file a second or successive 2255 motion. The court of appeals described his claims as follows:

> Mikell's application indicates that he wishes to raise two claims in a second or successive § 2255 motion, namely, that: (1) he is factually innocent of one of the crimes used as a predicate offense for his career offender status; and (2) counsel was ineffective for failing to investigate and challenge his career offender status. His application notes that his claims rely on new rules of law set forth in *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2012); *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011); and *United States v. Morejon*, 437 Fed. App'x 795 (11th Cir. 2011) (unpublished). His application also notes that his claims are based on newly discovered evidence - specifically, documents from the state court record concerning a cocaine possession conviction that served as one of the predicate

-5-

offenses for his career offender designation.

*In Re: Bob Mikell*, No. 12-13912-F, p. 2, slip. op. (11th Cir. Aug. 17, 2012). The court of appeals denied his application, reasoning that: (1) his claims did not meet the requirements of 28 U.S.C. § 2255(h) as *Frye* and *Lafler* do not establish new rules of constitutional law sufficient to support a second or successive 2255 motion; (2) *Carachuri-Rosendo* has not been made retroactive to cases on collateral review; and (3) *McKay* and *Morejon* are not decisions of the Supreme Court. (*Id*.)

III.     *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court. *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").

A defendant may invoke section 2241, but only when he shows under section 2255's "safety valve" provision, 28 U.S.C. § 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the

stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.[2]  Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law.  *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (citing *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997)).  If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007) (per curiam) (nonprecedential).

In the instant petition, Mikell argues that he can rely on section 2241 because an intervening change in the law renders him factually innocent of the two state drug convictions used to establish his career offender status.  Specifically, his 1997 conviction for the possession of cocaine with intent to distribute is invalid under *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2012), and *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011), because he is factually innocent of that conviction.  (Doc. 3, ECF p. 4).  Relying on *Carachuri-Rosendo*, he also claims his 1994 conviction was no

---

[2] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless the following requirements are met:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

-7-

more than a "mere offer to sell cocaine, absent possession and men (sic) rea [and] thus is not" a qualifying predicate offense for the purpose of U.S.S.G. § 4B1.1. (Doc. 5, ECF p. 1).

We must dismiss the 2241 petition because we lack jurisdiction to consider it. Under *Dorsainvil*, section 2255 is inadequate or ineffective if the petitioner had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. 119 F.3d at 251-52. However, *Dorsainvil* is not applicable here because Mikell is not challenging his conviction; he is instead claiming that he is innocent of the two prior offenses that qualified him for career offender status. *Dorsainvil* does not apply in these circumstances. *Okereke*, 307 F.3d at 120-21 (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the conduct for which he was convicted not criminal). *See also Green v. Bledsoe*, 466 F. App'x 71, 72-73 (3d Cir. 2012) (nonprecedential) (*Dorsainvil* exception did not allow petitioner to use section 2241 to pursue his claim of being actually innocent of being a career offender since "Green makes no allegation that he is actually innocent of the crime for which he was convicted; he asserts only that his sentence was improper.") (citing *Okereke*).

We will issue an appropriate order.

        /s/ William W. Caldwell  
        William W. Caldwell  
        United States District Judge

Date: June 5, 2013

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BOB AARON MIKELL, :
    Petitioner :
     :
    v. : CIVIL NO. 1:13-CV-189
     :
WARDEN MONICA RECKTENWALD, : (Judge Caldwell)
*et al.,* :
    Respondents :

*O R D E R*

AND NOW, this 5th day of June, 2013, in accordance with the accompanying Memorandum, it is hereby ORDERED that:

    1. Petitioner's request (Doc. 2) to proceed *in forma pauperis* is granted.

    2. The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

    3. Petitioner's Motion for Status Report (Doc. 7) is dismissed as moot.

    4. The Clerk of Court is directed to close this case.

    5. Any appeal of this order would not be in good faith.

                              /s/ William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge